UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRICIA PERRY,

    Plaintiff,

v.

CAPTAIN CHRISTENSEN, et al.,

    Defendants.

Civil Action No. 16-4822 (MAS) (TJB)

**MEMORANDUM OPINION**

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Tricia Perry, as administratrix for the estate of Nathan Perry, pursuant to 42 U.S.C. § 1983. Plaintiff's claims include a medical malpractice claim against Defendant CHG Healthcare Systems ("CHG" or "Defendant"). Presently before the Court is CHG's motion for partial summary judgment ("Motion"), seeking dismissal of the medical malpractice claim against CHG due to Plaintiff's failure to file a proper Affidavit of Merit ("AoM") as required under state law. (ECF No. 33.) For the reasons stated below, CHG's Motion is denied.

The medical malpractice claim was asserted against CHG in the Second Amended Complaint after the Court granted Plaintiff leave to amend on August 23, 2017. (Order, Aug. 23, 2017, ECF No. 39.) Under New Jersey state law,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of

the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. Failure to file a timely AoM generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. § 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an AoM). "[F]our limited exceptions[,]" where applicable, however, excuse a plaintiff's failure to comply with the AoM statute. *Nuveen*, 692 F.3d at 305. The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception"; (iii) an exception predicated upon "substantial compliance with the [AoM] requirement; or (iv) 'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

CHG asserts that the AoM Plaintiff served upon it suffers from a litany of defects: (1) it was untimely; (2) it was not accompanied by a curriculum vitae or an expert report; (3) it does not refer to CHG as a defendant; (4) it was dated January 4, 2016, well before CHG was even a defendant in the matter; and (5) it was not sworn to or notarized. (Def.'s Moving Br. 5-6, 8-10, 12-13, ECF No. 33-11.) In response to the Motion, Plaintiff filed an amended AoM on June 1, 2017, *before* the Court granted leave to add the medical malpractice claim. (ECF No. 35.) Plaintiff also asserts, and CHG admits, that a curriculum vitae and an expert report were served upon CHG along with the amended AoM. (*See* Pl.'s Statement of Material Facts ¶ 16, ECF No. 36-1; CHG's Reply Br. 2, ECF No. 37.) The amended AoM is sworn to and notarized, but still does not refer to CHG as a defendant.

CHG contends that the AoM was untimely because Plaintiff raised the medical malpractice claim on November 9, 2016, in the First Amended Complaint. (CHG's Statement of Material Facts ¶¶ 2-4, ECF No. 33-1.) This, however, directly contradicts the argument CHG made in its

2

opposition to Plaintiff's motion to amend, where CHG argued that the amendment should be denied because the medical malpractice claim was not asserted in Plaintiff's First Amended Complaint. (*See* CHG's Br. Opposing Mot. to Amend 10, ECF No. 22-9 ("Once again, Plaintiff failed to bring claims at that time for medical malpractice due to a lack of diligence.").) Since the Court granted the motion to amend, the Court agreed that the First Amended Complaint did not include a medical malpractice claim against CHG. As such, the Court rejects CHG's contention that the AoM was untimely—according to the record, all iterations of the AoM were served on CHG before it filed an answer to the medical malpractice claim, before Plaintiff's time to serve the AoM even began to run under state law.

Because the amended AoM, timely served upon CHG, had cured most of the alleged defects, the only issue the Court must address is the failure to name CHG in the AoM. To begin, CHG cites no case law for the proposition that an AoM must be read independently from the complaint—instead, a reasonable course of action would be to read the AoM in conjunction with the allegations in the complaint. Indeed, in the amended AoM, Plaintiff's expert refers to the complaint by reference. (ECF No. 35 at 2.) The Second Amended Complaint sufficiently established the factual basis of a medical malpractice claim against CHG, and Plaintiff's expert opined that based on the factual allegations contained in the complaint, "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Mr. Perry, fell outside acceptable professional standards as they apply to representatives and medical personnel of the Defendant[.]" (*Id.*) As CHG is the only defendant being sued for medical malpractice in the Second Amended Complaint, (*see* Second Am. Compl. ¶¶ 47-51, ECF No. 40), even though the amended AoM does not refer to CHG by name, it was clearly directed at CHG. Therefore, the Court rejects CHG's contention that the AoM was defective. *See Fink v. Thompson*,

167 N.J. 551, 564 (2001) (finding that although the defendant was not named in the affidavit of merit, it nevertheless complied with the statute because the affidavit clearly informed the defendant of the basis of the malpractice claim).

The Court is cognizant of CHG's implicit argument that because the original AoM was apparently drafted on January 4, 2016 (ECF No. 25), well before CHG was a named defendant, the opinion expressed therein cannot be found to reference CHG's actions. First, even if the Court accepts that argument, it does not mean that the opinion expressed in the amended AoM filed on June 1, 2017, although similarly worded to the original AoM, was not directed at CHG. Second, there is no indication that the expert's opinion expressed on January 4, 2016 was any less valid as applied to CHG, even if the expert did not know that CHG was the party responsible for the acts alleged in the Complaint. This is a case concerning the alleged failure of the prison medical provider to address the victim's suicidal tendencies, so knowledge of the actual identity of the responsible party who failed to act would appear to have little relevance to the medical opinion. "[T]he [AoM] statute is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint, but with whether there is some objective threshold merit to the allegations." *Hubbard ex rel. Hubbard v. Reed*, 168 N.J. 387, 394 (2001) (citation and quotation marks omitted). The expert's opinion, be it in the original AoM or the amended AoM, complied with the statutory requirement. Accordingly, Defendant's Motion is denied.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: 12/4/17

4