**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRICIA PERRY, *as Administratrix Ad Prosequendum of the Estate of Nathan Perry*,

Plaintiff,

v.

CAPTAIN CHRISTENSEN, *et al.*,

Defendants.

Civil Action No. 16-4822 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on motions to dismiss pro se Plaintiff Tricia Perry's ("Plaintiff") Second Amended Complaint by all Defendants in this case: (1) Defendant County of Middlesex (ECF No. 80); (2) Defendants Captain Christensen and Lieutenant LaSalle (ECF No. 81); (3) Defendants Warden Mark Cranston and Middlesex County Adult Correction Center (ECF No. 82); and (4) Defendant CFG Health Systems, LLC (ECF No. 85) (collectively, the "Defendants"). Plaintiff, the *Administratrix Ad Prosequendum* (the "Administratrix") for the estate of Nathan Perry, opposed (ECF Nos. 83, 86), and Defendants replied (ECF Nos. 87-88). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the following reasons, the Court grants Defendants' Motions to Dismiss and dismisses Plaintiff's Second Amended Complaint with prejudice.

I.      **BACKGROUND**

This case was removed to federal court over five years ago and has a lengthy procedural history which the Court will briefly summarize here. In the wake of Nathan Perry's ("Perry") death, Plaintiff sued Defendants on behalf of Perry's estate in the Superior Court of New Jersey, Middlesex County. (*See generally* Removal, ECF No. 1-1.) Plaintiff's cause of action centers on Perry's suicide while he was detained at the Middlesex County Adult Correction Center and specifically whether his family's alleged warnings to Defendants that Perry was a danger to himself renders them liable for his death. (*Id.* ¶¶ 8-16.) Defendants Middlesex County Sherriff's Department and Lieutenant Eric DeProssimo removed the case to federal court, which was effectuated in August 2016. (ECF No. 1.)[1] Plaintiff amended her complaint twice (ECF Nos. 13, 40), and the Court denied Defendant CFG Health Systems, LLC's ("CFG") motion to dismiss the Amended Complaint in August 2017 (ECF No. 38). The Second Amended Complaint alleges wrongful death, negligence, medical malpractice, and violations of (i) the New Jersey Civil Rights Act, (ii) 42 U.S.C. § 1983, and (iii) Perry's constitutional rights. (Second Amended Complaint ("SAC") ¶¶ 23-51, ECF No. 40.)

In early 2020, as a result of discovery, Defendants called into question Plaintiff's ability to recover damages in this action. (*See, e.g.*, ECF Nos. 70-76.) Specifically, Plaintiff's March 1997 marital divorce from Perry casted doubt as to whether, under the New Jersey Wrongful Death Act, Plaintiff has standing. N.J. Stat. Ann. § 2A:31-4 (West 2008). As relevant here, a falling out between Plaintiff and her legal counsel ensued, and, in January 2020, her counsel moved to withdraw. (ECF No. 70.) The Honorable Tonianne J. Bongiovanni, U.S.M.J., relieved Plaintiff's

---

[1] Shortly after removal, in November 2016, Plaintiff amended her complaint to include Defendant CFG Health Systems, LLC. (ECF No. 13.) Two years later, Defendants Lieutenant DeProssimo and the Middlesex County Sheriff's Department were voluntarily dismissed. (ECF Nos. 62-63.)

2

legal counsel in June 2020. (ECF No. 76.)[2] In addition, Judge Bongiovanni found that Plaintiff was unable to represent Perry's estate pro se and ordered that Plaintiff find new legal counsel by August 31, 2020, to maintain the lawsuit. (*See generally id.*) The case was administratively terminated in the interim. (ECF No. 77.)

The court-ordered August 2020 deadline came and went, and nine months later, Defendants filed separate but similar motions to dismiss Plaintiff's Second Amended Complaint for lack of prosecution, failure to comply with a court order, and abandonment. (ECF Nos. 80-82, 85.) Defendants argue that Plaintiff has abandoned her case by failing to comply with Judge Bongiovanni's order requiring that Plaintiff find new legal counsel by August 31, 2020, such that dismissal is warranted under Federal Rule of Civil Procedure 41(b). (*See generally* Defs.' Brs. in Supp., ECF Nos. 80-1, 81-1, 85-1.)[3] Alternatively, Defendants urge the Court to find that Plaintiff failed to prosecute her claims in a timely manner, or abandoned her case altogether, also warranting dismissal under Rule 41(b). (*See id.*) As such, Defendants request that the Court dismiss Plaintiff's Second Amended Complaint with prejudice.

In June 2021, Plaintiff submitted correspondence asking the Court to afford her additional time to find counsel due to financial problems caused by COVID-19. (Pl.'s Opp'n to Mots. to Dismiss ("Pl.'s Opp'n") *1, ECF No. 86.)[4] Plaintiff represented to the Court that she was "now able to obtain the funds needed for the expert witnesses to move this case forward" and "will secure

---

[2] Plaintiff informed Judge Bongiovanni that her former attorneys "do[] not want to take the case to trial" because, in part, they felt "this case has no value" after discovering Plaintiff's marital status with Perry. (Pl.'s Opp'n to Mot. to Withdraw *1, ECF No. 73.)

[3] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

[4] Pages preceded by asterisks indicate the pagination in the CM/ECF header.

new legal counsel." (*Id.* at *2.)[5] Since then, Plaintiff has filed no subsequent correspondence with the Court and has not found new legal counsel.

## II. LEGAL STANDARD

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and that "unless state[d] otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Under this rule, district courts evaluate the *Poulis* factors: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the party's conduct; (3) any history of dilatoriness; (4) whether the party's conduct has been willful or in bad faith; (5) whether any sanctions other than dismissal would rectify the situation; and (6) whether the underlying claim is meritorious. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). If a district court finds that a plaintiff has willfully abandoned her case, however, it need not examine the *Poulis* factors. *Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (citing *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994)). Dismissal of a case under Rule 41(b) is an "extreme" sanction and is reserved for matters "in which it is justly merited." *Poulis*, 747 F.2d at 866, 870. As such, district courts are required to consider and balance all six factors in making a dismissal determination absent a finding of willful abandonment. *Hernandez v. Palakovich*, 293 F. App'x 890, 894 (3d Cir. 2008) (citing *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003)).

---

[5] Plaintiff's correspondence was docketed twice but both entries, dated June 21, 2021, are identical. (*See* ECF Nos. 83, 86.)

### III.     DISCUSSION

Defendants move for dismissal under Rule 41(b) on three grounds: (1) Plaintiff failed to comply with Judge Bongiovanni's June 26, 2020 order affording Plaintiff five weeks to retain new counsel; (2) Plaintiff's lack of prosecution in failing to obtain new legal counsel over the past year and a half; and (3) Plaintiff willfully abandoned her case. (Middlesex Cnty.'s Br. in Supp. 2-4, ECF No. 80-1; Capt. Christensen's Br. in Supp. 2-4, ECF No. 81-1; CFG's Br. in Supp. 4-7, ECF No. 85-1.) The Court will begin by addressing Defendants' first two arguments, both of which require an evaluation of the *Poulis* factors.

Regarding the first *Poulis* factor, the Court finds that Plaintiff bears responsibility for the delay. Plaintiff, unable to proceed pro se and therefore tasked with finding new legal counsel to represent Perry's estate since June 2020, has made no visible progress. The Court is sympathetic to Plaintiff's claims that her family's lack of financial resources, the impacts of COVID-19, and the time that elapsed since Perry's death have increased the difficulty of obtaining new counsel. (Pl.'s Opp'n *1-2.) But Plaintiff was put on notice as of June 2021 that Defendants sought dismissal for lack of prosecution. Indeed, Plaintiff submitted correspondence in opposition to Defendants' motions and informed the Court that Perry's family can secure both an expert witness and new legal counsel in short order. (Pl.'s Opp'n *2.) Six months have elapsed, and no progress has been made. Plaintiff has failed to comply with Judge Bongiovanni's order and, by failing to retain an attorney, has failed to prosecute her case. This factor weighs in favor of dismissal. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (stating that a plaintiff proceeding without counsel is "directly responsible" for any action or inaction in the litigation).

The second *Poulis* factor, prejudice to Defendants, also weighs in favor of dismissal. Perry's death occurred in June 2014, and this case has been in federal court since August 2016. As argued by Defendants, the risk of evidence growing stale and memories continuing to fade is

5

substantial. (*See, e.g.*, Middlesex Cnty.'s Br. in Supp. 3.) Although this risk is present in every lawsuit, here, this case has stalled for nearly 18 months while the parties waited for Plaintiff to obtain new counsel.

The third *Poulis* factor, history of dilatoriness, also weighs in favor of dismissal as Plaintiff has defied Judge Bongiovanni's August 2020 deadline to obtain new counsel for over a year. Indeed, an additional six months have passed since Defendants moved for dismissal and still Plaintiff remains unrepresented.

As to the fourth *Poulis* factor, there is no evidence to support a finding that Plaintiff has acted in bad faith by failing to obtain counsel. Nor is there any evidence that Plaintiff's inaction was willful or done with the intention of delaying the matter. Rather, Plaintiff informed the Court that her delay in finding legal counsel was caused by financial difficulties and the impact of COVID-19. "Because the Court is unable to determine whether Plaintiff's conduct is intentional, as opposed to negligent, the fourth *Poulis* factor is neutral." *Charles v. Keurig Dr Pepper Inc*, No. 19-08857, 2020 WL 6946886, at *3 (D.N.J. Nov. 25, 2020).

The fifth *Poulis* factor, feasibility of alternative sanctions, also supports dismissal. Plaintiff is pro se and has expressed her financial hardship to the Court, rendering any type of monetary penalty ineffective or unjust. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding dismissal the only appropriate sanction where plaintiff was indigent). Thus, the Court is left without viable alternative sanctions other than dismissal.

The Court must finally consider the sixth *Poulis* factor—the merits of Plaintiff's claims and any possible defenses. New Jersey law provides that under the Wrongful Death Act, a "live-in" relationship with another person falls short of qualifying as a "surviving spouse" for purposes of intestacy, and any amount recovered is exclusively for those entitled to intestate personal

property. N.J. Stat. Ann. § 2A:31-4; *see also Cassano v. Durham*, 436 A.2d 118, 121 (N.J. Sup. Ct. L. Div. 1981). Thus, Plaintiff has a problem with standing, which she acknowledged was a contributing factor to her prior counsel's withdrawal from this case. (Pl.'s Opp'n to Mot. to Withdraw *1 ("[Plaintiff's attorney] has stated this case has no value . . . [another of Plaintiff's attorneys] has stated the case is moot . . . due to [Plaintiff's] marriage not being legal.").) Plaintiff's status of being unmarried to Perry likely bars her claims. *See Sykes v. Propane Power Corp.*, 541 A.2d 271, 277 (N.J. Sup. Ct. App. Div. 1988). Accordingly, the final *Poulis* factor weighs in favor of dismissal.

Upon careful consideration of all the *Poulis* factors, the Court finds dismissal of the matter with prejudice is appropriate under Rule 41(b). Having dismissed the case, the Court need not reach the issue of whether Plaintiff willfully abandoned her case. In addition, because all crossclaims raised by Defendants seek contribution and indemnity from any recovery Plaintiff receives (*see* ECF Nos. 15-16, 45-49, 51-52), such crossclaims are dismissed as moot. *First Nonprofit Ins. Co. v. Meenan Oil LLC*, No. 20-477, 2021 WL 4127234, at *3 (E.D. Pa. Sept. 9, 2021).

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE